UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 03-105-HRW

MICHAEL JUSTICE,                      PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on May 3, 2001, alleging disability beginning on June 26, 2000, due to back, left elbow, shoulder and wrist problems (Tr. 105-114).

This application was denied initially and on reconsideration.

On March 22, 2002, an administrative hearing was conducted by

Administrative Law Judge David Antrobus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 38-57). At the hearing, William Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 57-61).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 22, 2002, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-25).

2

Plaintiff was 49 years old at the time of the hearing decision. He has a high school education. His past relevant work experience consists of work as carpenter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative changes of the cervical and lumbosacral, a possible annular tear at the L4-5 level and spinal stenosis and dyslexia with borderline low to average intelligence test scores, which he found to be "severe" within the meaning of the Regulations (Tr. 23-24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a significant range of light work (Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the

3

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 15, 2003 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 15 and 16] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ failed to properly evaluate his credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ did not find Plaintiff to be "fully credible as to the frequency and severity of his symptoms or as to the extent of his functional limitations" (Tr. 19). For example, the ALJ noted that despite his testimony regarding disabling afflictions, Plaintiff has not undergone surgery, been treated at the emergency room or been admitted to the hospital since the onset of his alleged disability. Indeed, the record shows that his symptoms are being managed by medication and physical therapy. In addition, Plaintiff testified that he engages in

5

some daily activity as well as housework. This undercuts an assertion of disabling pain. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The Court finds no error in this regard.

Plaintiff relies upon the opinion of his treating physician, Dr. Harry J. Bell, in support of his argument that the ALJ did not properly evaluate his credibility. Specifically, Plaintiff cites Dr. Bell's May 2, 2001 note that Plaintiff is "totally and permanently disabled from any job for which he is qualified by means of training, education or experience" (Tr. 194). Dr. Bell reiterated this opinion in both June and November of 2001 (Tr. 190, 261).

The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff also refers to the findings of Dr. W. Roy Stauffer, a consultative

6

physician, in support of his argument of disabling impairment.

The ALJ discussed Dr. Stauffer's findings and expressed concern as to their lack of medical support. For example, although Dr. Stauffer opined that Plaintiff's standing and walking should be limited to two hours, his notes reveal that he observed no impairment in Plaintiff's gait, station, reflexes or strength in either the upper or lower extremities (Tr. 20. 264). Nor did Dr. Stauffer find any tenderness or spasms in his back. To the contrary, he observed that Plaintiff had a full range of motion in his back and lower extremities (Tr. 263-264). Dr. Stauffer's most extreme finding was "mild scoliosis and mild degenerative disease" (Tr. 263). These minor findings do not support Dr. Stauffer's opinion of significant impairment. The Court finds that the ALJ was correct in discounting his opinion.

Given the lack of supporting evidence in the record, the Court finds no error in the ALJ's assessment of claimant's credibility. Indeed, the ALJ's finding is supported by substantial evidence on the record as a whole.

Plaintiff finally contends that the ALJ's conclusion that he could perform a significant range of light level work is unsupported by substantial.

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same (Tr. 58). In response to the ALJ's hypothetical, the VE

cited to a significant number of jobs the hypothetical individual could perform, such as cleaner / hospital and car wash attendant (Tr. 59). The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

The Court finds that the hypothetical posed to the VE accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  *3*  day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE